BERNHARD WERLAN ET AL. v. JOHANN SCHOLLETT.

(Case No. 2007.)

1. STATEMENT OF FACTS — TRESPASS TO TRY TITLE.— When in trespass to try title judgment was rendered in the court below against the defendants, the contest involving the location of a dividing line between adjoining surveys claimed by the respective parties, and the statement of facts was so meager that no basis for a conclusion as to which party was entitled to the disputed strip could be found, the case was reversed.

APPEAL from Colorado. Tried below before the Hon. Everett Lewis.

*Kennon & Townsend*, for appellants.

No briefs on file for appellee.

WILLIE, CHIEF JUSTICE.— This case comes before us upon a very meager statement of facts. It was an action of trespass to try title, brought against the appellants by the appellee, and of course the burden of proof was upon the latter to make good his claim to the land in controversy. The court below held that he had done so, and gave him judgment accordingly. We are unable to see from the testimony upon what proof the judgment was based.

The controversy was in reference to the boundary line of two adjoining tracts of land, one of which was owned by the plaintiff and the other by the defendants below. These two pieces of land had originally formed one tract, which belonged in common to two persons named Breeding and Grace. These co-tenants made a partition of their interests in the land, and the portion allotted to Grace vested by mesne conveyances in the appellants, but the record does not show with any clearness what became of the share allotted to Breeding. However, the parties treat the case as if this share had passed through Hegeman to the appellee. It is admitted that

both parties derive title from a common source, but what that common source is does not appear.

It was proved that appellee claimed title up to a line that had been marked by somebody, at some time and for some purpose, neither of which was shown. To give this line any effect in fixing the boundary between the parties it should have been shown under what circumstances it was marked, and the claim to hold the land bounded by it had been made and continued. The owner of land cannot mark out a boundary for himself which takes in a portion of an adjoining tract, and hold to that line against the lawful owner of the land upon which he has encroached. Even if he claims to this line for ten years, he will not get title, unless his inclosure extends to it, provided the true owner is also in actual possession of the adjoining tract, claiming the land sought to be obtained by limitation. Hence we cannot see that the appellee's long continued claim to the marked line can benefit him (even had he set up limitation in his pleadings) under the facts disclosed by the record.

So far as the title of the appellant is concerned, it seems to rest upon the fact that he claims the interest awarded to Grace in the partition. But the record does not inform us where this division line is located. It is shown that in this partition a division line between Grace and Breeding was stated, fixed and established in the field notes of the partition. The connection of appellants with this partition is stated substantially as follows, viz.: The deed from Grace to Price contains the same field notes as are given in the partition, and these show that defendants' claim is for the tract decreed to Grace, and subsequently described in the deed to defendants. All this shows no more than that Price's interest as described in the partition had vested in the appellants, and that they claimed that interest. It does not show that the line between Breeding and Price, as established by the partition decree, was the identical line to which the appellants claimed, and upon which they had placed their fence. Such may have been the intention of the language used, but such is not its most apparent and natural construction. Upon the whole, we think the statement of facts is so meager that it does not present a case upon which we can determine who has the right to the land disputed between the parties, and for this reason the judgment will be reversed and the cause remanded for a new trial in the court below.

REVERSED AND REMANDED.

[Opinion delivered February 10, 1885.]